Daniel, J.
The facts set forth in the defendant’s affidavit are admitted by the plaintiff to be true. We then see, that he was, at the time the subpoena is alleged to have been executed on him, a citizen of South Carolina, and had his domicil in Charleston, and was but casually and temporarily in this State ; and that, at the time he ivas called out on the subpoena, he had returned to his home in Charleston, and was attending to his usual business. . We think that the case of Meredith v. Kent’s Ex’rs. Martin’s (N. C.) Reports, 28, is conclusive for the defendant. It decides, that where the residence of a witness is in another State, there can be no forfeiture for non-attendance, though summoned. We think this decision to be good law, if the witness be out of the State at the time he is called out on his subpoena ; but if he be in the State at that time, he is subject to the same rules as the citizens of the State ; in such a case, he receives the protection of our laws, and it will be his duty to obey the mandates of our process. The plaintiff might have taken the deposition of Mr. King, and it would have been read in evidence for him. We think that the judgment must be reversed, and a judgment rendered for the defendant.
Pee. Cueiam. Judgment reversed, and judgment for the defendant,